ALI MOHAMMADI,
      Plaintiff,

v.

AMAZON.COM SERVICES LLC,
      Defendant.

Case No. 3:25-cv-00088

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

## **MEMORANDUM ORDER**

Plaintiff Ali Mohammadi (Mohammadi) filed a pro se complaint containing three counts. In Counts I and II, Mohammadi accused defendant Amazon.com Services LLC (Amazon) of national-origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. (Doc. No. 1 at 3.) In Count III, plaintiff accused Amazon of disability discrimination in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111–12117. (*Id.*) On January 8, 2026, Amazon filed its answer and denied all three counts in the complaint. (Doc. No. 35.) Four minutes later on the same day, according to the Court's CM/ECF system, Amazon filed a motion to dismiss Count III under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 36.) Five days later, on January 13, 2026, Mohammadi filed a response to the motion to dismiss that included an alternative request for leave to amend his complaint under Rule 15(a)(2). (Doc. No. 39.)

The timing of the events described above guides the Court's disposition. "A motion asserting any of [the defenses in subdivision (b)] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Albeit by minutes, Amazon chose to answer the complaint before filing its motion, which means that the Court cannot evaluate the motion in its current procedural posture. *See Lindsay v. Yates*, 498 F.3d 434, 437 n.4 (6th Cir. 2007) (Rule

12(b)(6) must be brought before answering the complaint); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (post-answer Rule 12(b)(6) motion untimely but could be considered as a Rule 12(c) motion); *Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc.*, No. 5:11CV00615, 2012 WL 443254, at *1 n.2 (N.D. Ohio Feb. 10, 2012) (Rule 12(b)(6) deemed untimely and converted to Rule 12(c) motion even when filed nine minutes before complaint); *Limbright v. Hofmeister*, No. CIVA5:09-CV-107KSF, 2010 WL 1740905, at *3 (E.D. Ky. Apr. 27, 2010) (Rule 12(b)(6) motion untimely when filed four hours after the answer).

At the same time, converting Amazon's motion to a Rule 12(c) motion is unnecessary because of Mohammadi's request for leave to amend. Mohammadi requested leave to amend, as an alternative remedy, within 21 days of service of both the answer and the motion to dismiss. If Mohammadi had filed an amended complaint instead of requesting leave then he would have had the right to do so as a matter of course under Rule 15(a)(1)(B). Because Mohammadi is proceeding pro se, the Court will allow him the benefit of Rule 15(a)(1)(B) and, alternatively, would grant leave under Rule 15(a)(2) as well. *Cf. Young v. FedEx Emps. Credit Ass'n*, No. 19-CV-2313-TLP-TMP, 2019 WL 7669173, at *1 (W.D. Tenn. Sept. 17, 2019) (allowing pro se plaintiff the benefit of Rule 15(a)(1)(B) where she filed a timely motion to amend), *report and recommendation adopted sub nom. Young v. FedEx Emps. Credit Assoc.*, No. 219CV02313TLPTMP, 2019 WL 5268564 (W.D. Tenn. Oct. 17, 2019); *United States v. Boyd*, No. 04-80391, 2011 WL 318112, at *1 (E.D. Mich. Jan. 31, 2011) (allowing pro se plaintiff the benefit of Rule 15(a)(1)(B) because "[d]efendant, who proceeds pro se, will not be penalized for taking the further step of timely moving for leave to amend").

For the foregoing reasons, the Court GRANTS Mohammadi's alternative request for leave to amend (Doc. No. 39). Mohammadi will file an amended complaint on or before April 20, 2026.

2

The Court also DENIES[1] Amazon's motion to dismiss (Doc. No. 36) but without prejudice to filing an appropriate motion, if desired, under Rule 12(c).

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

---

[1] The Court has concluded that a non-dispositive resolution to Amazon's motion is appropriate, given the timing of events and the denial without prejudice. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report and recommendation. *Cf. Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (standard of review for Rule 37 dismissal sanction "is governed by the result the Magistrate Judge determines") (citations omitted); *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (same) (citations omitted).

3